# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GUS'S MARKET, INC. and GHASSAN AL-HAMID, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:15 CV 3 DDN |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action is before the court on the motion of defendant United States of America to dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. 10.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 4.) The court heard oral argument on March 9, 2015.

On November 21, 2014, plaintiffs Gus's Market, Inc. and Ghassan Al-Hamid commenced this action in the Circuit Court of the City of St. Louis, Missouri. In this action, plaintiffs allege that on or about April 19, 2013, they applied for participation in the federal Supplemental Nutrition Assistance Program (SNAP). Plaintiffs allege they received a July 24, 2013 letter of the federal Department of Agriculture (USDA) issued to them that the USDA could not process their application because their "firm was permanently disqualified as a SNAP retailer." (Doc. 2 at 3.) Plaintiffs allege that on August 2, 2013, they mailed a written request for administrative review of the decision contained in the July 24, 2013 letter. Plaintiffs allege that they have received no response to their August 2, 2013 request for administrative review. As stated, on November 21, 2014, plaintiffs commenced this action in the Missouri Circuit Court.

On January 2, 2015, defendant United States removed this action to this court pursuant to 28 U.S.C. § 1442(a)(1), as the United States government is the defendant. A suit for judicial review may be brought in the United States District Court for the district in which the aggrieved store or person resides; this federal action must be commenced within 30 days "after the date of delivery or service of the final notice of determination upon it." 7 U.S.C. § 2023(a)(13). This court generally has subject matter jurisdiction over such an action for judicial review of the applicable final determination. 7 U.S.C. § 6999.

According to plaintiffs the following facts are relevant. In 1996 Art's Supermarket was sold to Adnan Hawijia Al-Abboud, plaintiff's brother. (Doc. 12-1.) Plaintiff Al-Hamid is the sole shareholder of plaintiff Gus's Market, Inc. Gus's Market is incorporated in the State of Missouri and is located in St. Louis, Missouri. (Doc. 1-4 ¶¶ 1-2.)

On April 19, 2013 plaintiffs filed an application to participate in the SNAP program. (Id. ¶ 8.) Defendant sent notice to plaintiffs that their application could not be processed because they were permanently disqualified as a SNAP retailer. (Id. ¶ 9.) Plaintiffs allege, and defendant acknowledges, that the denial of plaintiffs' application was due to the Department of Agriculture's belief that plaintiff Al-Hamid had been an "associated person" of Art's Supermarket and that Art's Supermarket and associated persons were permanently disqualified from participation in SNAP as of August 11, 2010. Defendant informed plaintiffs that they must file a request for administrative review within ten days. (Id.) Plaintiffs mailed a written request for review on August 2, 2013, but never received a response to their request for review. (Id. ¶¶ 11-12.)

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that this court does not have subject matter jurisdiction. Specifically, defendant argues the United States government's waiver of sovereign immunity is strictly limited to the applicable limitations periods. For administrative review of the agency's decisions, an aggrieved applicant must file a request for such review within 10 days of the date of delivery of the decision. 7 U.S.C. § 2023(a)(3). The date of delivery should be known precisely as the statute provides that a method of delivery must "provide [the Secretary]

evidence of the delivery." 7 U.S.C. § 2023(2). For judicial review of the agency's final decision, the aggrieved applicant must file a judicial complaint within 30 days of receipt of the final decision. 7 U.S.C. § 2023(a)(13). Unlike the previous subsection, this subsection does not specify how the Secretary must deliver a final decision. See 7 U.S.C. § 2023. Defendant argues that both limitations periods relating to plaintiff's claim have long passed.

Plaintiffs argue that neither of them was party to or had knowledge of the original permanent disqualification of Arts Supermarket and its associated persons. Therefore, they had no opportunity to challenge it and the thirty day limitation for judicial review does not apply. (Doc. 12.) Second, plaintiffs argue that they filed a request for administrative review within ten days of the July 24, 2013 denial letter. (Id.)

A motion to dismiss under F. R. Civ. P. 12(b)(1) challenges the power of the court to hear the case. See Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). A court may dismiss based on lack of subject matter jurisdiction on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008). A court has "broader power to decide its own right to hear the case than it has when the merits of the case are reached." Osborn, 918 F.2d at 729; Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). There are two types of 12(b)(1) motions, ones that make a facial attack on the pleadings and those that make a factual attack using material outside the pleadings. See MC Produce, Inc. v. Aggressive Devs. of Missouri, L.L.C., et al., No. 1:09 CV 19 CDP, 2009 WL 1309899, at * 1 (E.D. Mo. May 11, 2009) (citing Osborn, 918 F.2d at 729 n.6). The motion at hand invokes a factual basis for lack of jurisdiction.

In evaluating a factual challenge to subject matter jurisdiction the court must "weigh the evidence and satisfy itself to the existence of its power to hear the case." MC Produce, Inc., 2009 WL 1309899, at * 1 (quoting Osborn, 918 F.2d at 730). "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of

disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." MC Produce, Inc., 2009 WL 1309899, at *1 (quoting Osborn, 918 F.2d at 730). The plaintiff bears the burden of proof of jurisdiction when defending a factual attack. MC Produce, Inc., 2009 WL 309899, at *1 (citing Osborn, 918 F.2d at 730).

The court has considered the material submitted by both parties and finds that, at this time, a motion to dismiss is premature. The court cannot determine whether plaintiff Ghassan al-Hamid was on notice of his permanent disqualification by the Department of Agriculture in 2010. The government has suggested it needs additional time to collect evidence regarding whether the Department of Agriculture provided plaintiff al-Hamid notice of his permanent disqualification.

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendant to dismiss (Doc. 10) is denied without prejudice.

      /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 12, 2015.